IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROBERT LEON HOLLAND, JR.
A/K/A/ Michael L. Hall,
FDOC Inmate No. 169757,
    Plaintiff,

vs.                                        Case No. 3:19cv416/RV/EMT

MARK S. INCH, et al.,
    Defendants.
_____/

## **REPORT AND RECOMMENDATION**

This cause is before the court on Plaintiff's "Complaint and Certification of Exigent Circumstances" (ECF No. 1). Plaintiff, an inmate at Okaloosa Correctional Institution in the Florida Department of Corrections ("FDOC"), is appearing pro se.

Because Plaintiff is a prisoner, the court is required to review and dismiss the complaint if it determines that it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C.A. § 1915A(b). The language in this subsection tracks the language of Federal Rule of Civil Procedure 12(b)(6), and thus dismissals for failure to state a claim are governed by the same standard as Rule

12(b)(6). Leal v. Ga. Dep't of Corr., 254 F.3d 1276, 1278–79 (11th Cir. 2001). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). To survive review under § 1915A(b)(1) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted). Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted). Upon review of the complaint, the court concludes that facts set

forth by Plaintiff fail to state a viable claim for relief.  Dismissal of this action is therefore warranted.

Plaintiff names as Defendants the Secretary of the FDOC and a John Doe Defendant described as the Attorney General (ECF No. 1 at 1).  To the degree that Plaintiff's claim may be discerned, he claims that he has been falsely imprisoned, as a "vessel/chattel," in the DOC (*id.* at 1, 3).[1]  He claims that he has been subjected to wrongful conversion by the state and its agents and is "being held by force in FLDOC's warehousement corporation" (*id.* at 3).  Speaking of himself as if he were property, Plaintiff "demands judgment and damages against the Defendants who contest the release and/or claim interest in the said property" (*id.* at 3).  Plaintiff

---

[1] The court takes judicial notice of information available on the database maintained by the Flagler County Clerk of Court, and the database maintained by the FDOC, both of which show that Plaintiff was convicted in April of 2006 on charges of carjacking, kidnaping, and fleeing a law enforcement officer, for which he is still serving the thirty-year sentence imposed on these charges. *See* https://apps.flaglerclerk.com/Benchmark/Party.aspx/Index/12457109?caseID=11143&attorney=False&digest=3KwH1io%2FEFanpa2tE9AiVQ (accessed April 9, 2019); *see also* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=169757&TypeSearch=AI (accessed April 9, 2019).  The court may take judicial notice of these records.  *See* Fed. R. Evid. 201; United States v. Berrojo, 628 F.3d 368, 369 (5th Cir. 1980) ("The doctrine of judicial notice permits a judge to consider a generally accepted or readily verified fact as proved without requiring evidence to establish it."); *see also* Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (district court permissibly looked to docket sheets in ruling on motion to dismiss because "docket sheets are public records of which the court could take judicial notice"); In re Salem, 465 F.3d 767, 771 (7th Cir. 2006) (taking judicial notice of state court dockets and opinions); Dawson v. Mahoney, 451 F.3d 550, 551 (9th Cir. 2006) (taking judicial notice of state court orders and proceedings); United States v. Mercado, 412 F.3d 243, 247–48 (1st Cir. 2005) (taking judicial notice of state court docket entries).

thereby seeks the court to intervene by ordering a United States Marshal to "attach and garnish the property" so that he may be "unconditionally released or released on recognizance" (*id*. at 3, 4). Plaintiff also appears to seek monetary damages (*id.* at 4).

As this court and many other courts have come to recognize, Plaintiff's complaint emanates from what has been described as the "Sovereign Citizen Movement," which generally advances the argument that individuals, as natural humans, are their own "Secured Party Sovereigns," citizens of the United States only by contracts which are constrained through such laws as the Uniform Commercial Code (UCC), one of the results evidently being that the individual, who is often identified as property or some other legal, impersonal entity, is not properly or jurisdictionally subject to the criminal laws of the state or federal government. *See, e.g.,* Schlager v. Beard, 398 F. Appx. 699, 701–02 (3d Cir. 2010); Rowe v. Pennsylvania, No. 13-4094, 2014 WL 2805245 at *3 (E.D. Pa. June 20, 2014); Gravatt v. United States, 100 Fed. Cl. 279, 286–89 (Fed. Cl. 2011).

Aside from the absurdity of his legal argument, it is clear that Plaintiff seeks relief in the nature of habeas corpus. Based upon the Supreme Court decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), dismissal of the instant action is warranted. The Court in Heck stated that an action under section

1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 2372. Absent such an invalidation, the section 1983 suit must be dismissed.

Heck reaffirmed what the Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 490 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Regardless of the label Plaintiff may place on the action, any challenge to the fact or duration of a prisoner's confinement is properly treated as a habeas corpus claim. Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Thus, declaratory or injunctive relief claims which are in the nature of habeas corpus claims are claims which challenge the validity of a conviction and/or sentence and are simply not cognizable under § 1983. Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995). Furthermore, to the extent that the complaint also seeks monetary damages, the

holding in Heck specifically extended the holding in Preiser to damage claims and held that such claims are not cognizable unless and until the conviction is overturned. Heck, 512 U.S. at 487, 114 S. Ct. at 2372.

Because it is clear from the facts of the complaint that Plaintiff's convictions have yet to be invalidated through habeas corpus or other such proper avenues for relief, Heck bars his claims.

Accordingly, it respectfully **RECOMMENDED**:

1. That Plaintiff's claims be **DISMISSED** pursuant to 28 U.S.C.A. § 1915A(b) for failure to state a claim upon which relief may be granted.

2. That this dismissal be deemed a "strike" for purposes of 28 U.S.C. § 1915(g).

3. That all pending motions be **DENIED** as moot.

At Pensacola, Florida, this 16th day of April 2019.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**